UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KRISTINA M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-5412-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI), Disability Insurance Benefits (DIB), and Childhood Disability Benefits.  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff was born in 1999, has a college education, and has no past relevant work.  AR 31.  Plaintiff was last gainfully employed in 2019.  AR 20.

On October 5, 2020, Plaintiff applied for benefits, alleging disability as of June 19, 2019.  AR 17.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 17.  After the ALJ conducted a hearing on March 1, 2022, the ALJ

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

issued a decision finding Plaintiff not disabled.  AR 241-54.  Plaintiff appealed the decision to the Appeals Council, which accepted review and remanded the case.  AR 263-65.  The Appeals Council instructed the ALJ to further evaluate Plaintiff's symptoms related to her migraine headaches, consider the third-party statement from Plaintiff's father, and give further consideration to Plaintiff's maximum residual functional capacity.  *Id*.  The ALJ held a second hearing on March 12, 2024, and issued a decision again finding Plaintiff not disabled.  AR 17-33.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since June 19, 2019.

**Step two**:  Plaintiff has the following severe impairments:  migraines.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work except she can perform occasional commercial driving; occasionally climb ladders, ropes, or scaffolds; have occasional exposure to loud noise and bright light; occasional exposure to vibration; and occasional exposure to temperature/humidity extremes.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 20, 24, 31.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-3.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 4.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 2.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in the RFC assessment. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

## A.      The ALJ Did Not Err in the RFC Assessment

Plaintiff argues that the ALJ erred in the RFC determination because it does not properly account for the impact of migraines on attendance at work.  Dkt. 9.

The responsibility for determining a claimant's RFC rests with the ALJ.  20 C.F.R. §§ 404.1546(c), 416.946(c).  An ALJ need only include in the RFC limitations supported by substantial evidence.  *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 886 (9th Cir. 2006).  In other words, when making the RFC determination, the ALJ is only required to consider those limitations for which there was record support that did not depend on Plaintiff's subjective complaints.  *Bayliss,* 427 F.3d at 1217 (upholding ALJ's RFC where "the ALJ took into account those limitations for which there was record support that did not depend on [claimant's] subjective complaints").

Plaintiff cites to various treatment notes in the record and contends that they support a determination that she would be debilitated by her migraines at least three to four times a month. Dkt. 9 at 5-11.  She asserts that the ALJ "simply did not deal with this evidence."  Dkt. 9 at 11. But the ALJ thoroughly discussed the evidence (including many of the same records cited by Plaintiff) and explained why he felt further limitations were not warranted by the treatment record.  *See* AR 26-30.  Considering such discussion, the Court cannot find that the ALJ ignored this evidence, and Plaintiff did not challenge the ALJ's reasons for discounting it.

Ultimately, Plaintiff takes issue with the ALJ's interpretation of the evidence and asserts that her interpretation is a better alternative.  But Plaintiff's interpretation relies almost entirely on her own subjective self-reports to her doctor, and the ALJ rejected Plaintiff's subjective symptom testimony.  *See* AR 29-30.  Plaintiff did not challenge or otherwise identify any error in the ALJ's reasons for discounting her testimony, and a reviewing court cannot "manufacture

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

arguments for an appellant." *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003). Under these circumstances, Plaintiff has not shown harmful error in the ALJ's decision. *See Britton v. Colvin,* 787 F.3d 1011, 1013-14 (9th Cir. 2015) (finding that an ALJ need not include limitations caused by claimant's migraines, because the only evidence in the record that established such limitations was plaintiff's self-report, and her doctor's record of her self-report, which the ALJ properly discounted).

For the first time in her reply brief, Plaintiff contends that the ALJ erred when he rejected Plaintiff's testimony without reaching "any reasoned conclusion about the duration, frequency, or intensity of her headaches." Dkt. 12 at 2. This Court need not address arguments raised for the first time in a reply brief. *Armfield v. Kijakazi,* 2023 WL 2728817, at *2 n.1 (9th Cir. Mar. 31, 2023). In any event, Plaintiff provides no persuasive authority that the ALJ was required to make such a finding, and, in fact, this Court has held that no such requirement exists. *See Lovisa V.W. v. Comm'r of Soc. Sec.,* 2021 WL 2185695, at *2 (W.D. Wash. May 28. 2021) ("The ALJ was not required to make a finding as to how frequently plaintiff experiences migraines and did not err by failing to do so.").

Fundamentally, Plaintiff asks for a different weighing of the evidence from that conducted by the ALJ. While Plaintiff would have crafted a more restrictive RFC, that does not demonstrate an error in the ALJ's reasoning. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.* 807 F.3d 996, 1006 (9th Cir. 2015). Because Plaintiff fails to show any error in the ALJ's rejection of limitations found in her subjective symptom testimony and self-reports to her doctor, Plaintiff cannot show that the ALJ erred by failing to incorporate those limitations into the RFC. Accordingly, the Court finds no error in the ALJ's ultimate disability determination.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 28th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6